IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:22-CR-00039-BO
No. 7:23-CV-01233-BO

| | |
|---|---|
| ANTHONY JACKSON )  Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA )  Respondent. ) | |

This matter comes before the Court on petitioner's motion to vacate, set aside, or correct sentence his sentence in accordance with 28 U.S.C § 2255, [DE 48], and respondent's motion to dismiss, [DE 53]. The motion to dismiss has been fully briefed. The matter is ripe for ruling. For the following reasons, the Court grants respondent's motion to dismiss and dismisses petitioner's § 2255 motion.

## BACKGROUND

On 6 July 2022, petitioner Anthony Jackson pleaded guilty, pursuant to a written plea agreement, to distributing methamphetamine in violation of 21 U.S.C. § 841(a)(1). [DE 22, 23]. In his plea agreement, petitioner agreed to waive his rights to appeal under 18 U.S.C. § 3742 and to contest his conviction or sentence in any post-conviction proceeding under § 2255, with a limited exception for claims of ineffective assistance of counsel or prosecutorial misconduct not known at the time of defendant's guilty pleas. [DE 23]. On 20 October 2022, the Court sentenced petitioner to 84 months imprisonment, 3 years of supervise release, and a $100 special assessment. [DE 33, 34].

Soon after his sentencing, petitioner appealed, raising arguments that the Court erred during sentencing. The Fourth Circuit concluded that petitioner knowingly and voluntarily waived his right to an appeal and granted the United States' motion to dismiss. [DE 45].

In August 2023, petitioner filed the instant motion to vacate, amend, or correct his sentence under 28 U.S.C. § 2255. [DE 48]. Petitioner claims that defense counsel was ineffective because counsel negotiated a plea agreement that waived petitioner's rights to appeal while simultaneously advising petitioner that the agreement would not prevent him from appealing his conviction or sentence. [DE 48, 49]. Respondent moved to dismiss the § 2255 petition under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. The motion has been fully briefed and is ripe for decision.

## DISCUSSION

Section 2255 permits those who have been convicted of federal crimes to move the sentencing court to vacate, set aside or correct their sentence on the grounds that the sentence "was imposed in violation of the Constitution or laws of the United States, or that Court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255; *See, e.g., In re McNeil*, 68 F.4th 195, 200 (4th Cir. 2023).

The United States may respond to a § 2255 petition with a Rule 12(b)(6) motion to dismiss. *See* Rule 12 of the Rules Governing Section 2255 Proceedings ("The Federal Rules of Civil Procedure . . . may be applied to a proceeding under these rules."). To survive a motion to dismiss, a petition must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 55 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief that is plausible has factual content that

2

"allows the court to draw the reasonable inference" that the petitioner is entitled to the relief requested." *Id.* What is more, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 730 F.3d 354, 359 (quotation marks and citation omitted).

Jackson argues that the Court should grant his § 2255 motion, or at the very least hold an evidentiary hearing, because his trial counsel's assistance was constitutionally ineffective. "To succeed on a claim of ineffective assistance of counsel, a movant must show that (1) counsel's performance was constitutionally deficient, and (2) such deficient performance prejudiced [the movant's] defense." *United States v. Taylor*, 54 F.4th 795, 803 (4th Cir. 2023). Jackson contends that his trial counsel was constitutionally deficient when he negotiated a plea that waived Jackson's rights to appeal issues relating to his sentencing while advising Jackson that he would still be able to raise those issue on appeal if he signed the plea agreement.

These allegations, liberally construed, implicate the voluntariness of his plea agreement. *See Hill v. Lockhart*, 474 U.S. 52, 56 ("Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). The United States responds that the Court need not reach the merits because his plea agreement waived his right to collaterally attack his conviction or sentence.

"[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. LeMaster*, 404 F.3d 216, 220 (4th Cir. 2005); *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (same). A § 2255 motion premised on allegations that contradict statements made at the Rule 11 colloquy—

3

i.e., sworn statements that "carry a strong presumption of verity, *United States v. White*, 366 F.3d 291, 295 (4th Cir. 2004) (quoting *Blackledge v. Allison*, 431 U.S 63, 74 (1977))—should be dismissed without an evidentiary hearing because such allegations are palpably incredible and patently frivolous or false. *Lemaster*, 403 F.3d at 222. It is only in the most "extraordinary circumstance" that allegations that contradict a petitioner's sworn statements cannot be considered palpably incredible or patently frivolous or false. *White*, 300 F.3d. at 297–300 (finding an "extraordinary circumstance" where the government conceded that ineffective assistance of counsel rendered guilty pleas involuntary warranting an evidentiary hearing to determine if prosecutors orally promised that the defendant could enter a conditional plea).

Turning to petitioner's claim, the Court concludes that petitioner waived his rights to appeal or collaterally attack his sentence or conviction under § 2255. The § 2255 petition, liberally construed, contains only one set of allegations that implicate whether petitioner's plea agreement was voluntarily entered. *See LeMaster*, 403 F.3d at 222. Petitioner's allegations of defense counsel's ineffectiveness contradict declarations he made in open court: Petitioner affirmed during his Rule 11 colloquy that he was pleased with counsel's performance, [3:18–20, DE 43]; that he read the plea agreement which expressly stated that it would waive his rights to appeal and contest the conviction in any post-conviction proceeding, [4:17–19, DE 43]; and that he was entering into the agreement voluntarily, [4:20–21, DE 43].

The Rule 11 colloquy, moreover, eliminates the possibility that petitioner misunderstood the extent of the waiver. The Court made clear to petitioner not only that the "plea agreement says you're going to plead guilty and waive your right to appeal," but also that his plea would "waive[] [his] right to contest the conviction in any post-conviction proceeding." [4:25–5:3, DE 43]. Petitioner affirmed that he agreed to those terms. Similar colloquies have been used to dismiss

4

analogous § 2255 petitions. *See Lemaster*, 403 F.3d at 422; *See also White*, 366 F.3d at 299 (remarking that the Rule 11 colloquy failed to "eliminate the possibility of a layman making [the] assumption" that his rights to appeal some issues survived his plea agreement).

Furthermore, insofar as petitioner attempts to challenge the scope of the waiver through an ineffective assistance theory, he has not explained why counsel's ineffectiveness was unknown to him at the time he signed the plea agreement or engaged in the Rule 11 colloquy. Petitioner's factual allegations necessarily involve conduct that occurred prior to and during the signing of the plea agreement. According to petitioner, defense counsel's alleged ineffectiveness occurred in negotiating the agreement and advising him that it would allow him to retain his rights to an appeal. Yet the plea agreement immediately contradicts these allegations. Petitioner affirmed in open court that he read the plea agreement, an agreement that blatantly contradicts defense counsel's alleged statements, yet he went ahead and signed it anyways. He then doubled down and pleaded guilty despite being told during the Rule 11 colloquy that doing so would waive his rights to appeal or collaterally attack his sentence or conviction. Again, petitioner has not put forward any reason why his affirmations during the Rule 11 colloquy should be considered false or otherwise ignored.

In brief, petitioner's testimony during his Rule 11 colloquy, including his affirmation of the written plea agreement, evinces that the contrary allegations raised in his § 2255 motion are palpably incredibly and patently frivolous or false. No "extraordinary circumstance" prevent the Court from relying on these statements. No evidentiary hearing is necessary to resolve petitioner's § 2255 motion. Accordingly, the Court grants the respondent's motion to dismiss and dismisses the § 2255 motion.

## CERTIFICATE OF APPEALABILITY

When the Court enters a final order adverse to a petitioner, Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255 requires the Court to issue or deny a certificate of appealability. A certificate of appealability shall not issue without "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the applicant to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *United States v. Swaby*, 855 F.3d 233, 239 (4th Cir. 2017) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or if the district court's denial rests on procedural grounds, the applicant must also show that reasonable jurists would find the district court's procedural ruling similarly debatable. *United States v. McRae*, 793 F.3d 392, 397 (2015). Because no reasonable jurists would the Court's denial of petitioner's § 2255 petition debatable, the Court denies a certificate of appealability.

## CONCLUSION

For these reasons, the United States' motion to dismiss, [DE 53] is GRANTED and petitioner's § 2255 motion to vacate, set aside, or correct sentence [DE 48] is DISMISSED.

SO ORDERED, this _21_ day of November 2023.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6